I, Carlos Alcoba, Task Force Officer with the Bureau of Alcohol, Tobacco, Firearms, and Explosives, hereinafter referred to as ATF being duly sworn, depose and state as follows:

## AGENT BACKGROUND AND INTRODUCTION

1. I am a Puerto Rico Department of Treasury Agent and duly deputized TFO with the ATF. As such, I am "an investigator or officer charged by the Attorney General with the duty of enforcing any of the criminal, seizure, or forfeiture provisions of the United States," within the meaning of Title 18, United States Code, Section 3051(a), that is, an officer of the United States who is empowered by law to conduct investigations of, execute warrants and to make arrests for offenses against the United States. Further, I am "an investigative or law enforcement officer of the United States" within the meaning of Section 2510(7) of Title 18, United States Code. Therefore, I am an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for, the offenses enumerated in Title 18, United States Code.

2. During my employment with the ATF, I have participated in weapons and narcotics investigations along with senior experienced SA's and Task Force Agents (TFAs). These investigations involved debriefing defendants, witnesses, informants, conducting surveillance, assisting in court ordered communications interceptions, and executing search warrants. Through my training, experience and interaction with experienced SAs, TFAs and other investigators, I have taken part in cases relating to the trafficking of firearms, the use and possession of firearms by persons prohibited by law, and the possession of illegal firearms.

3. The details and information stated herein are based on my training, experience and personal knowledge and compilation of facts and events investigated by me and other Law Enforcement Officers such as agents from the Puerto Rico Police Bureau, who investigated and confirmed their veracity or oversaw their developments. I have drafted this affidavit to the limited purpose of establishing probable cause that Carlos Betancourt Opio violated 18 U.S.C. § 922(o) (unlawful possession of a machinegun). Therefore, I have not included all of the facts of this investigation.

## PROBABLE CAUSE

4. On or about March 3, 2023, at approximately 9:30 pm, Puerto Rico Police Bureau (PRPB) Agents assigned to Caguas District received a 911 call alerting about a situation with an aggressive person carrying a firearm at 44 Jose Garrido Avenue in Caguas, Puerto Rico. When PRPB arrived at the location, they observed a gray Nissan Sentra bearing license plate IRS-042 and a red Toyota Pickup Truck bearing license plate 939-189.

5. PRPB Agents asked who called 911 and learned that it was the driver of the Toyota. PRPB Agents interviewed the driver of the Toyota who stated that he was in a car accident with the driver of the Nissan—an individual later identified as Carlos Betancourt Opio. According to the driver of the Toyota, after the car accident, he had a heated discussion with Betancourt Opio. During that discussion, Betancourt Opio went into the Nissan, reached under the driver's seat, and retrieved the firearm. Betancourt Opio then racked the firearm and said to the driver of the Toyota: "you don't know who I am." At that moment, the driver of the Toyota explained that he was scared and tried to calm down the situation by offering to pay Betancourt Opio for the damages the vehicle.

6. The driver of the Toyota and Betancourt Opio then planned to go to the Caguas Police Station to get a claim number. While in route to the police station, the driver of the Toyota stopped by a friend's house and told to Betancourt Opio that he needed to use the bathroom. Once the driver of the Toyota was inside the residence, he called 911.

7. Following the interview with the driver of the Toyota, PRPB Agents requested Betancourt Opio for his car registration and driver's license. PRPB Agents also asked to Betancourt Opio if he had a Firearms Permit and he responded "no." PRPB Agents then asked Betancourt if he would consent to a search of his Nissan vehicle and he responded "no." Consequently, PRPB Agents secured and transported Betancourt Opio's Nissan vehicle to the police station.

8. On or about March 7, 2023, PRPB Agents obtained a state search warrant for Betancourt Opio's Nissan vehicle. During the search, PRPB Agents found and seized:
    - one Black Polymer 80 pistol, 9mm caliber with a visible attached machinegun conversion device (known as a "chip") loaded with 25 rounds of 9mm caliber ammunition;
    - one pistol magazine loaded with 15 rounds of 9mm caliber;

- two small plastic containers with a green leafy substance;
- one Ziploc containing a green leafy substance;
- and two cellphones.

9. PRPB Agents then placed Betancourt Opio under arrest and read Betancourt Opio his Miranda Warnings. PRPB Agents then transported Betancourt Opio to PRPB Caguas Police Station where they advised Betancourt Opio of his Miranda warnings once again in writing, but Betancourt Opio did not make any statements.

10. On or about March 7, 2023, PRPB Agents contacted ATF Agents. ATF Agents read Betancourt Opio his Miranda warnings. Betancourt Opio then requested legal representation and the interview concluded.

11. Upon inspection of the firearm PPRB recovered, ATF Agents observed that it had a clearly visible adapter or modification with a selector switch located behind the slide. Based on my training, knowledge and experience with ATF, the device on the firearm was not installed by the manufacturer and was placed on the firearm with the sole purpose of illegally modifying it to fire fully automatic, meaning that is capable of expelling more than one (1) projectile from one single pull of the trigger. The device can be readily observed by anyone who loads, unloads, charges, cleans or disassembles the firearm because there is a high contrast between the device and the slide of the firearm.

12. Further, an examination of the firearm and a dry field test (without ammunition) indicated that the firearm is able to fire more than one round of ammunition by a single function of the trigger, thereby classifying it as a machinegun.

[INTENTIONALLY LEFT BLANK]

## CONCLUSION

Based on the facts set forth above, I respectfully submit that there exists probable cause to charge Carlos Betancourt Opio with a violation 18 U.S.C. § 922(g)(o) (Possession of a Machine Gun).

       *[signature]*
_____
Carlos Alcoba
Task Force Officer
Bureau of Alcohol, Tobacco, Firearms & Explosives

Sworn in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone at 5:30 p.m. in San Juan, Puerto Rico on March 8, 2023.

_____
Hon. Bruce J. McGiverin
United States Magistrate Judge
District of Puerto Rico